**Mazhar JALIL, Appellant,**

v.

**Alan K. CAMPBELL, Chairman, United States Civil Service Commission.**

No. 77–1568.

United States Court of Appeals, District of Columbia Circuit.

Oct. 5, 1978.

Robert Allen Sedler with whom Ralph J. Temple, Washington, D. C., and Joel M. Gora, New York City, were on the brief, for appellant.

Lawrence J. Jensen, Atty., Dept. of Justice, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Barbara Allen Babcock, Asst. Atty. Gen., and Leonard Schaitman,

**1122**

Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before BAZELON and LEVENTHAL, Circuit Judges, and JAMESON,* United States Senior District Judge for the District of Montana.

PER CURIAM.

## MEMORANDUM

In this case, now before the court for the third time, appellant, Mazhar Jalil, seeks affirmative hiring relief and back pay. The district court granted appellee's motion to dismiss, holding that the claim for hiring relief was barred by Executive Order 11935 and the claim for back pay by the doctrine of sovereign immunity. We affirm.

Jalil was an alien when he instituted this action in 1969, challenging the constitutionality of a regulation of the United States Civil Service Commission, 5 C.F.R. § 338.-101, barring resident aliens from federal civil service employment. The district court granted the Government's motion to dismiss. On March 8, 1972 this court reversed and remanded for an evidentiary hearing. See *Jalil v. Hampton,* 148 U.S. App.D.C. 415, 460 F.2d 923, *cert. denied,* 409 U.S. 887, 93 S.Ct. 112, 34 L.Ed.2d 144 (1972).

On June 15, 1973, while discovery proceedings were pending, Jalil was admitted to United States citizenship. He received from the Civil Service Commission a rating of Eligible GS–12/13 Entomology. On October 4, 1973, the district court dismissed the case as moot. The appeal from that order was held in abeyance pending disposition by the Supreme Court of *Hampton v. Mow Sun Wong,* a class action presenting the same challenge to the Commission regulation. On June 1, 1976, the Supreme Court issued its opinion holding the regulation unconstitutional. 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976). This case was then remanded to the district court for consideration in the light of *Mow Sun Wong. Jalil v. Hampton,* No. 74–1145 (D.D.C., June 16, 1976) (unreported).

In *Mow Sun Wong,* the Court held that the Civil Service regulation, by broadly denying the class represented by petitioners substantial opportunities for employment, had deprived members of the class of an "aspect of liberty" without due process of law and was therefore invalid. The Court assumed, without deciding, "that the national interests identified by the petitioners would adequately support an explicit determination by Congress or the President to exclude all noncitizens from the federal service". 426 U.S. at 116, 96 S.Ct. at 1911.

On September 2, 1976, President Ford issued Executive Order 11935 barring noncitizens (with limited exceptions) from employment in the federal civil service. 5 C.F.R. Part 7, § 7.4. The district court concluded that while the Civil Service Commission had exceeded its authority in issuing § 338.101, the President had the "power to lawfully exclude aliens from consideration for government service," noting also that "for the more than nine decades since the creation of the Civil Service Commission, executive policy has restricted the access of noncitizens to federal employment." [1]

Appellant apparently concedes that if he were still an alien, Executive Order 11935, if constitutional, would preclude affirmative hiring relief. He argues, however, that there were employment opportunities in 1968, when he was denied a Civil Service rating, but not in 1973, when he was admitted to citizenship. Accordingly he claims that he should be given the first available vacancy for which he is qualified with back seniority. In effect Jalil is contending that since he is now a citizen and eligible for a Civil Service position, he should be granted

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. In issuing Executive Order 11935, the President said in part: "I have concluded that it is in the national interest to preserve the long-standing policy of generally prohibiting the employment of aliens from positions in the competitive service, except where the efficiency of the service or the national interest dictates otherwise in specific cases or circumstances."

a special preference for employment because he was an alien in 1968 and denied a Civil Service rating by reason of an unconstitutional regulation, even though other aliens similarly situated in 1968 who have not subsequently become citizens, including the *Mow Sun Wong* class,[2] would be barred because they are still aliens. As the Commission notes, this would produce an anomalous result.

In our opinion, *Mow Sun Wong* does not require this result. The Court did not hold that it was unconstitutional *per se* to exclude aliens from the civil service positions, but merely that the Commission did not have authority to do so. We may presume from the Court's opinion that the President had this authority.[3] Under the circumstances the district court properly applied the law in effect at the time it rendered its decision.[4]

With respect to Jalil's claim for monetary relief, it is conceded that it is necessary to find a waiver of sovereign immunity. As the Court recognized in *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (*quoting Eastport S. S. Corp. v. United States,* 372 F.2d 1002, 1009, 178 Ct.Cl. 599 (1967)), whether the basis of a claim against the United States is the Constitution, a statute, or a regulation, a cause of action for money damages is not created unless the basis itself " 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained'."

Jalil argues that § 11 of the Equal Employment Opportunity Act, of 1972, 42 U.S.C. § 2000e–16 (1970 ed. Supp. IV), supplies the necessary waiver in providing that "personnel actions . . . shall be made free from any discrimination based on race, color, religion, sex or national origin." The term "national origin," however, does not include "aliens," but merely refers to "the country from which [a person's] ancestors came." *Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 88, 94 S.Ct. 334, 336, 38 L.Ed.2d 287 (1973) (footnote omitted). The Court drew support for its conclusion from the longstanding governmental policy of prohibiting aliens from the civil service "in what amounts to discrimination against aliens . . . ." *Id.* at 89, 94 S.Ct. at 337. Moreover, as the Court noted in *Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974), "[there] certainly was no indication that the substantive proscription in [§ 11] against discrimination was intended to be any broader than that which previously existed."

In addition, as noted above, we cannot agree with Jalil's contention that aliens have a substantive constitutional right to be free from discrimination in federal employment.

*Affirmed.*

---

2. On remand the district court in *Mow Sun Wong* entered an order declaring Regulation 338.101 unconstitutional, but concluded that Executive Order 11935 was not in conflict with the Due Process Clause of the Fifth Amendment. Accordingly the court denied plaintiffs' motion for an order enjoining defendants to admit plaintiffs to competitive examination in the federal civil service. *Mow Sun Wong v. Hampton,* 435 F.Supp. 37 (N.D.Cal.1977).

3. The constitutionality of the President's order was considered at some length by the District Court of the Northern District of California on remand of *Mow Sun Wong v. Hampton,* 435 F.Supp. 37, 42–46. As noted above (note 2), the court concluded that Executive Order 11935 is not in conflict with the Due Process Clause of the Fifth Amendment. We are in general agreement with the reasoning and conclusion of the California District Court on this issue. *See Vergara v. Hampton,* 581 F.2d 1281 (7th Cir. 1978).

4. *See, e. g., Thorpe v. Housing Authority,* 393 U.S. 268, 281–82, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969).